UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT K.,

                                    DECISION AND ORDER

                    Plaintiff,

                                    20-CV-7138L

            v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                    Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On August 18, 2017, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since January 29, 2015. (Dkt. #8 at 16). His application was initially denied. Plaintiff requested a hearing, which was held on December 4, 2019, by teleconference with administrative law judge ("ALJ") Deirdre R. Horton. The ALJ issued a partially favorable decision on January 31, 2020, finding plaintiff disabled for a closed period from January 29, 2015, through October 18, 2018, and not disabled for the period on and after October 19, 2018. (Dkt. #8 at 16-31). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 28, 2020 (Dkt. #8 at 1-3). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #13), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #17). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**I.     The ALJ's Decision**

Plaintiff was born December 16, 1975, and was 39 years old on the alleged onset date, with a high school education and past relevant work as a heavy equipment operator and inspector. (Dkt. #8 at 25-26). His medical treatment records reflect a history of failed laminectomy post fusion surgery (connected with serious spinal injuries sustained in a September 18, 2012 workplace incident, in which plaintiff fell several feet from a loading dock, and landed on a steel bucket), which the ALJ found to be a severe impairment not meeting or equaling a listed impairment. (Dkt. #8 at 20, 952).

After reviewing the evidence of record, the ALJ determined that from January 29, 2015 through October 18, 2018, the plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, with no more than occasional overhead reaching, and no more than

frequent handling and fingering. The claimant required the use of a cane to ambulate, and would likely be off-task for 15% or more of the workday, due to pain. (Dkt. #8 at 21).

When presented with this RFC as a hypothetical at the hearing, vocational expert Michael C. Dorsey testified that such an individual could not perform plaintiff's past relevant work, or any other jobs existing in the national economy. The ALJ accordingly found plaintiff disabled for the period from January 29, 2015 through October 18, 2018.

For the period beginning October 19, 2018 through the date of her decision, the ALJ determined that plaintiff had experienced medical improvement. She found that his RFC on and after that date permitted sedentary work, with no more than occasional overhead reaching, and no more than frequent handling and fingering. Plaintiff required the use of a cane to ambulate, and the ability to stand and stretch during the course of the day for a few minutes at a time. He would be off task for no more than 10% of the day. (Dkt. #8 at 28). In response to this RFC, the vocational expert testified that although plaintiff could not return to his past relevant work, he could perform the representative sedentary positions of final assembler, lens inserter, and circuit board screener. (Dkt. #8 at 30). The ALJ thus found plaintiff not disabled on and after October 19, 2018.

**II.     The ALJ's Assessment of Medical Opinion Evidence**

Plaintiff alleges that the ALJ failed to properly consider the medical opinions of record, and that her finding that plaintiff experienced medical improvement on and after October 19, 2018, is not supported by substantial evidence. The Court agrees.

In assessing medical opinion evidence, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions

in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at §§ 404.1520c(c), 416.920c(c). The ALJ must articulate his or her consideration of the medical opinion evidence, including how persuasive he or she finds the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022).

Here, all of the medical opinion evidence relevant to the period on and after October 19, 2018 was authored by plaintiff's treating physician, Dr. Oliver Masaba. Unfortunately, the ALJ's assessment of that evidence and its persuasiveness was insufficiently explained, and her decision to credit only those excerpts that supported her findings with respect to medical improvement suggests improper cherry-picking of the record.

For example, the ALJ's entire stated basis for finding medical improvement as of October 19, 2018, was that on that date, in response to a request by plaintiff for authorization to engage in a return-to-work attempt, "[Dr. Masaba] released him to sedentary work at that time." (Dkt. #8 at 27, 978, 983).

The ALJ's cursory description of the return-to-work authorization as clearing plaintiff for "sedentary work" ignored contemporaneous clinical findings and additional functional limitations prescribed by Dr. Masaba. Specifically, plaintiff presented to Dr. Masaba on October 18, 2018, and reported that although a brief trial with a surgical cord stimulator had given him 50% relief from his back pain, since the device has been implanted, he had experienced only 5% relief in his

symptoms, and continued to experience weakness in his legs. He indicated that he was "mostly sedentary as even performing minimal activity results in increasing pain . . . [plaintiff] states that even though his pain remains about the same he was able to find a . . . job that he feels he may be able to perform that is mostly sedentary." (Dkt. #8 at 978). Dr. Masaba provided plaintiff with a return-to-work form for a position "where he will mostly [be] driving a tractor," but instructed him to "be careful with potential continued vibration from being on a tractor [which] may result in irritation." (Dkt. #8 at 983). Dr. Masaba further opined that plaintiff was "87.7%" temporarily disabled, could lift no more than 10-15 pounds, could not engage in repetitive bending, twisting, or turning, could not climb, crawl, or crouch, and required the ability to change positions every 15-20 minutes. (Dkt. #8 at 982).

While the ALJ opted to credit Dr. Masaba's conclusion that plaintiff could return to a limited range of sedentary work, at least temporarily, the ALJ implicitly rejected all other parts of his opinion. Her RFC finding for the period after October 18, 2018 did not incorporate all of the limitations that were contained in the return-to-work authorization, such as avoidance of vibration, and the inability to climb, crouch, or crawl, nor did she provide any rationale for omitting them.[1] This was reversible error.

Similarly, the ALJ failed to sufficiently explain her finding that a November 15, 2019 RFC opinion completed by Dr. Masaba, covering the entire period from September 18, 2012 through November 15, 2019, was not persuasive. Specifically, Dr. Masaba opined that plaintiff could perform sedentary work with, inter alia, no climbing, balancing, kneeling, crouching, or crawling, and must avoid exposure to temperature extremes and environmental irritants that could exacerbate his back and joint pain. He also indicted that plaintiff would have good days and bad days (but

---

[1] Based on a review of plaintiff's reported earnings, it does not appear that the anticipated work attempt ever came to fruition.

5

"nearly always bad days"), during which he would be off-task due to pain for at least 20-25% of the workday. (Dkt. #8 at 985-93).

The ALJ found this opinion to be "unsupported by Dr. Masaba's findings during treatment for this period," but specified no treatment records or objective findings with which it actually conflicted. (Dkt. #8 at 28-29). Indeed, contrary to the ALJ's conclusion, Dr. Masaba's treatment records appear to be markedly consistent with his 2019 RFC opinion: they uniformly note severe back pain radiating into the legs, and document the repeated failures of aggressive interventions to control plaintiff's symptom, including a raft of pain medications such as narcotics and high-dose opioids, acupuncture, muscle relaxants, epidural injections, physical therapy, home exercises, spinal fusion surgery, and the use of a spinal cord stimulator. Dr. Masaba repeatedly noted significantly decreased range of motion, diffuse tenderness of the back, back spasms and stiffness, poor balance, absent deep tendon reflexes, diminished strength in both legs, diminished sensation in the right leg, positive straight leg raising tests, abnormal gait, and the need for a cane to ambulate. (Dkt. #8 at 959, 964, 974, 978, 982-83).

Moreover, Dr. Masaba's November 2019 opinion is highly consistent with a prior opinion he rendered in May 2018, which the ALJ had found to be "generally supported by the clinical findings…" in her disability determination for the period leading up to October 18, 2018. (Dkt. #8 at 24).[2] The ALJ made no effort to explain why she found that Dr. Masaba's 2018 opinion was

---

[2] On May 16, 2018, Dr. Masaba opined that plaintiff could occasionally lift up to 20 pounds, with the ability to sit for 15 minutes at a time for up to three hours, walk for up to 20 minutes at a time for one hour, and stand for up to 20 minutes at a time for two hours, in an 8-hour workday. He could no more than frequently reach overhead, handle, and finger, no more than occasionally push or pull, and never climb ladders or scaffolds, balance, kneel, crouch, crawl, or work at unprotected heights or around pulmonary irritants or vibrations. Finally, plaintiff's pain would cause him to be off-task for more than 20-25% of the work day. (Dkt. #8 at 798-805). The ALJ purported to credit this opinion, finding it to be "generally supported by the clinical findings showing that, despite aggressive treatment, the claimant continued to have severe pain," but failed to include all of the limitations mentioned in the opinion, or to explain the reason for omitting them. (Dkt. #8 at 24). Nonetheless, such error is harmless to the extent that the ALJ nonetheless found plaintiff disabled for the period preceding October 19, 2018.

"generally supported" by the record, whereas the substantially similar 2019 opinion, based on similar contemporaneous treatment records, was not, nor did she otherwise engage with any of the factors relevant to the determination of a medical opinion's persuasiveness.

This error is not harmless, as crediting Dr. Masaba's 2019 opinion would not only have foreclosed any finding that plaintiff experienced medical improvement, but would have resulted in an RFC finding for October 19, 2018 and after that equaled or exceeded the level of limitation determined by the ALJ for the preceding period, thus compelling a finding of disability.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand this matter with respect to the period on and after October 19, 2018 (Dkt. #13) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #17) is denied. The matter is remanded for additional proceedings concerning the period on and after October 19, 2018 (when the ALJ found plaintiff experienced medical improvement and was no longer disabled), to include additional proceedings as appropriate, and the issuance of a new decision which takes account of the entire record, properly weighs all medical evidence and opinions, and makes detailed findings as to the persuasiveness of all medical opinions therein.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 7, 2022.